```
IN THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF SOUTH CAROLINA
        ANDERSON/GREENWOOD DIVISION
```

| | |
|---|---|
| James L. Roudabush, Jr.,         ) | |
|                                  ) | |
|     Petitioner,                  ) | |
|                                  ) | Civil Action No. 8:18-2070-BHH |
| v.                               ) | |
|                                  ) | **<u>ORDER</u>** |
| Warden FCI Edgefield,            ) | |
|                                  ) | |
|     Respondent.                  ) | |
| _____) | |

This matter is before the Court upon Petitioner James L. Roudabush's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review.

On January 29, 2018, Magistrate Judge Jacquelyn D. Austin filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court deny Petitioner's motion for recusal and grant Respondent's motion for summary judgment. Attached to the Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. The Report was delivered to Petitioner at his last known address but was returned and marked "not deliverable as addressed" and "unable to forward." Despite the Court's specific warning to Petitioner that he must keep the Court advised in writing of any changes in his address, and that a failure to do so will not be excused, it appears that Petitioner has failed to keep the Court notified of a change in address. Due to Petitioner's failure, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, Petitioner has failed to keep the Court notified of any change in address, and this action is subject to dismissal. In addition, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's findings and recommendations.

Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 25) and denies Petitioner's motion for recusal (ECF No. 15) and grants Respondent's motion for summary judgment (ECF No. 16).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
Bruce Howe Hendricks
United States District Judge

February 26, 2018
Charleston, South Carolina